IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cr-2034-WJM-KAS

PRAETORIAN INSURANCE COMPANY,

    Plaintiff-Counter Defendant,

v.

AXIA CONTRACTING, LLC, and
255 BLACKHAWK HOSPITALITY, LLP,

    Defendants-Counter Plaintiffs.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS
## TO ORDER AWARDING SANCTIONS

This matter comes before the Court on Plaintiff Praetorian Insurance Company's ("Plaintiff") Objections to Order Awarding Sanctions ("Objection"). (ECF No. 157.) Defendants Axia Contracting, LLC and 255 Blackhawk Hospitality, LLC ("Defendants") filed a response. (ECF No. 160.) For the reasons stated below, the Objection is overruled, and then-Magistrate Judge Crews's Order re: Motion for Sanctions, Motion to Extend Discovery, and Motion to Amend Complaint ("First Sanctions Order") (ECF No. 137) and Order Awarding Sanctions ("Second Sanctions Order") (ECF No. 152) are affirmed.

As a threshold matter, the Court agrees with Defendants that the Objection is untimely and must therefore be summarily overruled. (ECF No. 160 at 1–2.) Though the Objection purports to relate to the Second Sanctions Order (*see* ECF No. 157 at 1), its substance relates entirely to a ruling made in the First Sanctions Order (*i.e.*, the impropriety of dispositive sanctions). (*Compare* ECF No. 137, *with* ECF No. 157.) That

Order was issued on June 23, 2022, 174 days before the Objection was filed, long after the 14-day deadline to object had passed.  *See* Fed. R. Civ. P. 72(a).

Even if the Objection were timely, the Court would still overrule it.  The Court perceives no clear error or ruling contrary to law in either the First or Second Sanctions Order.[1]  Thus, even if the Court were to consider the Objection's merits, it would not set aside either of Judge Crews's orders.[2]

---

[1]  When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A*); Ariza v. U.S. W. Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).

[2] Plaintiff "recognizes" that the Tenth Circuit has previously held that "[e]ven [when] a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b)."  (ECF No. 157; *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995).)  Citing a footnote from a Report and Recommendation submitted by an out-of-circuit Magistrate Judge, Plaintiff invites this Court to reconsider *Gomez*'s holding because that decision "did not consider the provisions of 28 U.S.C. § 636(b)(1)(A)," the statute underlying portions of Rule 72(b).  (ECF No. 157 (citing *Tilyard v. O'Reilly Auto Parts, Inc.*, 2012 WL 5250534, at *1 n.1 (M.D.N.C. Oct. 24, 2012)).)  The Court respects that the Magistrate Judge in *Tilyard* made a concerted effort to exercise the power of his office within the bounds set out by law.  In applying *Gomez*'s holding with fidelity, the Court does the same.

Federal courts and their judges must be careful to respect their role within the judiciary's explicit hierarchy.  Higher courts carefully guard their own roles.  *See, e.g.*, *Bosse v. Oklahoma*, 580 U.S. 1, 3 (2016 (It is the Supreme "Court's prerogative alone to overrule one of its precedents"); *United States v. Maloid*, 71 F.4th 795, 808 (10th Cir. 2023) ("The Supreme Court has reminded us, 'If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.'") (quoting *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*,490 U.S. 477, 484 (1989); *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit . . . .").  Lower courts, in turn, fulfill their roles by respecting their duty to apply governing precedent.  *See, e.g.*, *United States v. Hay*, 601 F. Supp. 3d 943, 952 (D. Kan. 2022) ("In the absence of clear Supreme Court precedent overruling [a Tenth Circuit precedent], this Court will 'follow the case which directly controls, leaving to the [Tenth Circuit] the prerogative of overruling its own decisions.'") (quoting *Agostini v. Felton*, 521 U.S. 203, 207 (1997) (second alteration in original)).

As such, the Court applies *Gomez*, and considers the merits of the Objection (in the alternative) under Rule 72(a).

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objections to Order Awarding Sanctions (ECF No. 157) is OVERRULED;

2. Judge Crews's Orders (ECF Nos. 137, 152) are AFFIRMED; and

3. This action remains set for a Final Trial Preparation Conference on October 4, 2024, and a 6-day jury trial to begin on October 21, 2024.

Dated this 12th day of February, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge