IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-2034-WJM-KAS

PRAETORIAN INSURANCE COMPANY,

    Plaintiff-Counter Defendant,

v.

AXIA CONTRACTING, LLC, and
255 BLACKHAWK HOSPITALITY, LLP,

    Defendants-Counter Plaintiffs.

## ORDER DENYING MOTION TO REALIGN PARTIES

Before the Court is Defendants Axia Contracting, LLC's and 255 Blackhawk Hospitality, LLC's ("Defendants") Motion to Realign Parties ("Motion"). (ECF Nos. 240, 245.) Plaintiff Praetorian Insurance Company ("Plaintiff") opposes the Motion, which is fully briefed. (*See also* ECF No. 244.)

For the following reasons, the Court denies the Motion.

### I.    PERTINENT BACKGROUND

The parties are familiar with the background of this case from, among other sources, the Court's Order resolving the parties' cross motions for summary judgment. The Court incorporates that background here and adds the following pertinent facts.

Plaintiff brought this suit seeking declaratory judgment that it was not required to cover Defendants' losses on the ground that Defendants failed to maintain a fence around the jobsite as required by the "Protective Devices Endorsement" provision of the insurance policy ("Policy"). (*Id.* ¶ 14.) Defendants countersued for declaratory judgment regarding

the parties' rights, obligations, and duties under the Policy, as well as for breach of contract and statutory and common law[1] bad faith.  (ECF No. 23 at 19–22, ¶¶ 58–78.)

Several years later, after learning new information from Defendants' late discovery disclosures, Plaintiff amended its pleadings, relying on three new theories for why it is not required to cover Defendants' losses, totally or partially.  (ECF No. 117.)  Specifically, Plaintiff contends that it need not provide coverage for all or part of Defendants' losses under the Policy's (1) "Misrepresentation, Concealment, or Fraud Condition" provision ("MCF Provision"); (2) "Recoveries" provision; and (3) "Subrogation" provision.  (*Id.* at 7–8.)  The parties filed cross summary judgment motions on Plaintiff's new theories, among other issues.  (ECF Nos. 181, 182.)  The Court granted Defendants' motion to the extent it sought to dismiss Plaintiff's Subrogation Provision theory but otherwise denied the cross motions.  Hence, the case is set to proceed to a jury trial on all other claims.

Defendants now renew[2] their Motion to Realign Parties so that Defendants appear as the plaintiff and Plaintiff appears as the defendant.  (ECF No. 240.)  Defendants contend they should be permitted to present their case first at trial because they bear the burden of proving that the loss is covered under the contract and they are the only party seeking damages.  (*Id.* at 5.)  Plaintiff counters that it bears the burden of proving that coverage is void under the various provisions of the Policy.  (ECF No. 144 at 6.)

---

[1] In April 2023, Defendants voluntarily dismissed the common law bad faith claim.  (ECF No. 167.)

[2] Defendants moved to realign the parties near the beginning of this lawsuit (November 2017), which the Court denied without prejudice because the motion was premature.  (ECF Nos. 25, 43.)

## II.     ANALYSIS

The Supreme Court has instructed trial courts to align parties not "by the parties' own determination of who are plaintiffs and who defendants" but instead by examining, as relevant here, the "principal purpose of the suit . . . and the primary and controlling matter in dispute." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (citations omitted). "If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff." *Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983). Generally, the party who bears the burden of proof is entitled to present its case first at trial. *Dishman v. American Gen. Assurance Co.*, 193 F. Supp. 2d 1119, 1128 (N.D. Iowa 2002) ("Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof.") (citations omitted).

Here, both parties persuasively argue why they should be permitted to open the trial. Indeed, this is not a cut and dry issue because both parties will bear a burden of proof at trial. *See Rivelli v. Twin City Fire Ins. Co.*, 2008 WL 5054568, at *4 (D. Colo. Nov. 21, 2008) (citations omitted) ("In coverage disputes, the insured has the burden of proving that an asserted claim comes within the coverage of the policy, and the insurer has the burden of proving that the facts fall within the policy's exclusions."); *Bigsky, LLC v. Hartford Cas. Co.*, 2010 WL 3075575, at *4 (D. Colo. Aug. 5, 2010) (same).

Defendants must prove that the loss was covered by the Policy and that Plaintiff breached the insurance contract by failing to reasonably tender payment in good faith, thereby causing their damages. (ECF No. 240 at 5 ("Axia and Blackhawk must prove that their Claim falls within the coverage grant of the Policy, that Praetorian's denial of the

3

Claim was unreasonable, and that Axia and Blackhawk have suffered damages.").) Plaintiff, for its part, must prove that coverage is void (or must be offset) under the MCF Provision, Protective Devices Endorsement Provision, or the Recoveries Provision of the Policy. (ECF No. 244 at 2 ("Praetorian's second and third claims for relief require proof that Defendants actively violated the Misrepresentation, Concealment, or Fraud, Recoveries and/or Subrogation conditions by concealing material facts related the underlying fire and withheld documents establishing their active misrepresentations.").)

Efficiency considerations likewise point in both directions. If Defendants proceed first and fail to prove that the loss is covered by the Policy, the jury need not consider Plaintiff's affirmative defenses that one or more Policy exclusions void coverage and therefore excuse its performance. On the other hand, if Plaintiff proceeds first and prevails on one of its Policy exclusion theories, the jury need not reach Defendants' damages claims. *See Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, WL 2360929, at *3 (D.Md. June 4, 2019) (organizing trial based on judicial efficiency where "the resolution of the first issue might vitiate the need to address the other issues").

Ultimately, the Court denies the Motion because the "primary and controlling matter[s] in dispute" in this case are Plaintiff's various affirmative defenses. *Indianapolis*, 314 U.S. at 69. That is, this case rises or falls on whether a Policy exclusion voided coverage—not whether the damages caused by the fire is a covered loss. The focus of the parties' summary judgment briefing appears to support this view, as both argued at great length whether Plaintiff's affirmative defenses controlled or should be dismissed. (*See generally* ECF Nos. 181, 182.)

4

Lastly, the Court considers another practical reason Defendants argue they should present their case first.  Specifically, Defendants assert that the story of this case "begins with the fire that burned down Axia and Blackhawk's hotel, then progresses into the Claim Axia and Blackhawk made under the Policy, then to Praetorian's denial of that Claim (which Axia and Blackhawk contend was unreasonable and improper)."  (ECF No. 245 at 3.)  While the Court agrees that it makes best sense for this case to be tried in chronological order to avoid confusing the jury, the Court has little reason to doubt that Plaintiff would share this view.  It would behoove Plaintiff to avoid introducing the jury to a morass of discovery-related issues from the jump.

In sum, consistent with its discretion to "exercise reasonable control over the mode and order of examining witness and presenting evidence," the Court denies the Motion.  *See* Fed. R. Evid. 611 (imbuing district courts with discretion to conduct trials in an effective manner to determine the truth and avoid wasting time); *see also L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 383 (S.D.N.Y. 2005) ("Where both parties bear the burden of proof on distinct counts of their causes of action, as is the case here, the court has good grounds for allowing 'the actual plaintiff, the party that filed the lawsuit, to proceed first.'") (citation omitted); *EMCASCO Ins. Co. v. Watonga Indus.*, LLC, 2022 WL 19263950, at *2 (W.D. Okla. Oct. 14, 2022) (declining to realign parties where trial court did not discern "a sufficient benefit to be gained from redesignating the parties for trial").

### III.     CONCLUSION

For all these reasons, the Motion is DENIED.

Dated this 6th day of November, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

6