**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cr-2034-WJM-KAS

PRAETORIAN INSURANCE COMPANY,

      Plaintiff-Counter Defendant,

v.

AXIA CONTRACTING, LLC, and
255 BLACKHAWK HOSPITALITY, LLP,

      Defendants-Counter Plaintiffs.

---

**ORDER ON DEFENDANTS' MOTIONS SEEKING
RECONSIDERATION AND ADDITIONAL RULINGS**

---

Before the Court is Defendants Axia Contracting, LLC ("Axia") and 255 Blackhawk Hospitality, LLC's ("Blackhawk") (collectively, "Defendants") motions for reconsideration and additional rulings ("Motions") with respect to the Court's Order on the parties' cross motions for summary judgment. (ECF Nos. 255, 256.) Plaintiff Praetorian Insurance Company ("Plaintiff") filed a response. (ECF No. 259.)

For the following reasons, the Court grants in part and denies in part the motion for reconsideration and denies the motion for additional rulings.

## I.    PERTINENT BACKGROUND

The parties are familiar with the background of this case from, among other sources, the Court's November 2024 Order resolving the parties' cross motions for summary judgment. (ECF No. 247.) The Court incorporates that background here and adds the following pertinent facts.

In its summary judgment Order, the Court ruled with respect to three provisions of the builder's risk insurance policy (the "Policy") issued to Defendants by Plaintiff. First, the Court ruled that Plaintiff would be permitted to present evidence of pre-lawsuit facts to support its theory that coverage is void as a result of Defendants' failure to comply with the "Misrepresentation, Concealment, or Fraud Condition" Provision ("MCF Provision"). (ECF No. 247 at 10.) Second, the Court "conclude[d] that the Recoveries Provision is ambiguous on its face." (*Id.* at 15.) In the Court's view, Defendant's position that the Provision can apply only if "payment is made by those responsible for the loss" made "more practical sense" than Plaintiff's position that the grammatical structure of the Provision laid out two circumstances in which the provision could apply: (1) if Plaintiff pays Defendants "for the loss and lost or damaged property is recovered," or (2) if "payment is made by those responsible for the loss." (*Id.*) Nevertheless, because it concluded that both interpretations were reasonable, the Court ruled that the Recoveries Provision was ambiguous on its face and "must therefore be interpreted by the trier of fact." (*Id.*) Finally, the Court granted summary judgment in Defendants' favor on Plaintiff's Subrogation Provision claim, concluding that "the anti-subrogation rule forecloses recovery for Plaintiff." (*Id.* at 17.)

In February 2025, Defendants moved for reconsideration of the Court's ruling that the ambiguous Recoveries Provision must be interpreted by the jury. (ECF No. 255.) Pointing to caselaw holding that an ambiguous insurance contract provision must be construed in the insured's favor—irrespective of whether the provision pertains to coverage, exclusions, or conditions, *see, e.g., Lozow v. Commercial Ins. Co. of Newark, New Jersey*, 526 P.2d 1346, 1347 (Colo. App. 1974)—Defendants urge the Court to

"interpret the ambiguous Recoveries Provision in [their] favor" and make clear that

"Praetorian cannot seek to void coverage under the Policy on the basis of Defendants'

alleged violations of the Recoveries Provision." (*Id.* at 7.)

That same month, Defendants also moved for "further rulings concerning

Praetorian's inability to claim an offset to its liability under the policy on account of"

Blackhawk and Axia's $2,000,000 settlement. (ECF No. 256.) Defendants posit that "the

Court's ruling on the Subrogation Provision—and its conclusion that Praetorian may not

subrogate against its own insureds—is dispositive of Praetorian's efforts to seek an offset

or credit based on" Defendants' settlement. (*Id.* at 2 (footnote omitted).) Therefore,

Defendants seek a ruling clarifying "that Praetorian is not entitled to an offset against its

liability under the Policy on account of the AX/BL Payment." (*Id.* at 5.)

Plaintiff responds that the Court's conclusion that the Recoveries Provision is

ambiguous "may have been based on a misconception." (ECF No. 259 at 2.) It maintains

that, contrary to Defendants' view, "the plain language of the Recoveries Provision is not

exclusive to recoveries by Praetorian from an insured" but instead "governs the duties of

both parties to the insurance contract when either recovers funds or property from third

parties." (*Id.* at 3.) Accordingly, Plaintiff asks the Court to "find that the language of the

Recoveries Provision is unambiguous in requiring both parties to the insurance contract to

*promptly* notify the other upon recovery of payments, regardless of whether Praetorian had

yet made payment on the underlying claim." (*Id.* at 4 (emphasis in original).)

Plaintiff also argues that it "is entitled to an offset of any third-party recovery by

Defendants." (*Id.* at 8.) Plaintiff insists that its theory that it may offset its potential

damages pursuant to the Recoveries Provision is not precluded by the Court's Order

granting judgment on the Subrogation Provision. (*Id.* at 11 ("Praetorian need not establish a right to subrogation in order to be entitled to an offset or to prevent Defendants from potentially obtaining a legally impermissible windfall.").)

## II.    ANALYSIS

Defendants ask the Court to reconsider its rulings regarding the Recoveries Provision and to additionally rule that the Provision does not permit Plaintiff to offset its potential liability with respect to Blackhawk and Axia's settlement. (ECF Nos. 255, 256.) The Court agrees that reconsideration is appropriate, but disagrees with some of the ways in which Defendants urge the Court to rule on such reconsideration.

"While the Federal Rules of Civil Procedure do not directly provide for a motion to reconsider an interlocutory ruling, district courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment." *See Mantooth v. Bavaria Inn Rest., Inc.*, 360 F. Supp. 3d 1164, 1168–69 (D. Colo. 2019) (citing *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.")); Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claim or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."). "Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied." *Mantooth*, 360 F. Supp. 3d at 1169 (citing *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018)).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders,

the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted and alterations incorporated). Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (alterations incorporated); *Sanchez v. Hartley*, 2014 WL 4852251, at *2 (D. Colo. Sept. 30, 2014) (refusing to reconsider an interlocutory order where the defendants did not show "an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice"). The Court may be guided by Rules 59 and 60 standards in deciding whether to alter or vacate an interlocutory order. *Perkins v. Fed. Fruit & Produce Co. Inc.*, 945 F.Supp.2d 1225, 1232 (D. Colo. 2013).

While Defendants do not appear to challenge the Court's initial conclusion that the Recoveries Provision is ambiguous—on the contrary, they encourage the Court to construe this ambiguity in their favor as a matter of law—the Court is persuaded instead by Plaintiff's retort that the Provision is not actually ambiguous. Recall that the Recoveries Provision provides as follows:

> If we pay you for the loss and lost or damaged property is recovered, or payment is made by those responsible for the loss, the following provisions apply:
>
> a. You must notify us promptly if you recover property or receive payment
>
> b. We must notify you promptly if we recover property or receive

payment;

    c.  Any recovered expenses incurred by either are reimbursed first;

    d.  You may keep the recovered property but you must refund to us the amount of the claim paid or any lesser amount to which we agree; and

    e.  If the claim paid is less than the agreed loss due to a deductible or other limiting terms of this policy, any recovery will be prorated between you and us based on our respective interest in the loss.

(ECF No. 182 at 10 (internal quotation marks omitted).)  Plaintiff argues that Defendants' theory as to this provision's meaning—*i.e.*, that it applies only if Plaintiff first tenders payment on a claim—fails to give meaning to its subparts, including (a) and (b), which "create mutual obligations on the part of Praetorian and the insured to 'promptly' notify the other party if it recovers property or receives payment."  (ECF No. 259 at 3.)  Likewise, Plaintiff continues, subpart (c) contemplates obligations by Plaintiff in situations in which it has received a "recovered expense[]," even if it has not yet tendered a payment.  (*Id.*)

       The Court is persuaded by Plaintiff's argument that subpart (c) (and subpart (b), for that matter) "makes no sense and is effectively a nullity if Praetorian need pay a claim prior to the duties in subparagraphs (a)–(e) being triggered."[1]  (*Id.*)  Yet it is settled law that courts must interpret contracts to give effect to all of their provisions.  *See W. Union Co. v. Ace Am. Ins. Co.*, 623 F. Supp. 3d 1153, 1159 (D. Colo. 2022) ("Courts should interpret contracts so that different words are not superfluous."); *see also Copper Mountain, Inc. v.*

---

[1] It is the source of considerable frustration for the Court that Plaintiff's briefing on the Recoveries Provision issue in its motion for summary judgment failed to meaningfully advance these arguments.  (ECF No. 182 at 24–25; ECF No. 197.)  And while Plaintiff's response to Defendants' cross summary judgment motion did mention these arguments that the Court adopts now (ECF No. 187 at 21), they were not as fleshed out as they are in their response to the Motions.

*Industrial Sys., Inc.*, 208 P.3d 692, 700 (Colo. 2009) ("We choose a construction of the contract that harmonizes provisions instead of rendering them superfluous."); *Northglenn Gunther Toody's, LLC v. HQ8-10410-10450 Melody Lane, LLC*, 2018 WL 1762611, at *8 (D. Colo. Apr. 12, 2018) ("Colorado courts strive to avoid any interpretation that would render contractual language meaningless or redundant.").  In the Court's view, Plaintiff's proffered construction of the Recoveries Provision does just that.

Given this conclusion, the Court necessarily rejects Defendants' argument that the Recoveries Provision applies only in the event Plaintiff first pays some portion of the claim. (ECF No. 255 at 7.)  True, as a practical matter, some subparts of the Recoveries Provision, including (c)–(e), can apply only if the insurer or the insured first tender payment.  But subparts (a) and (b), *i.e.*, the notice requirements, are triggered even in circumstances where Plaintiff has not tendered payment for a loss, such as where "payment is made by those responsible for the loss."  (ECF No. 182 at 10.)  Here, it is undisputed that Blackhawk and Axia settled for the loss in April 2018, and that Axia and its subcontractors settled for the loss in January 2019, for $2,000,000 and $30,000, respectively.  (ECF No. 181-9 at 2 (Blackhawk and Axia's settlement for $2,000,000); ECF No. 181-10 at 2 (Axia and its subcontractors' settlement for $30,000).)

Consequently, the Court further concludes, as a matter of law, that the unambiguous Recoveries Provision entitles Plaintiff to an offset of the amount to which they are required to pay in the event the jury finds it breached the Policy at trial.  *See Peace v. Panorama Orthopedics & Spine Ctr., Inc.*, 2025 WL 35585, at *9 (D. Colo. Jan. 6, 2025) ("When the terms of a contract are unambiguous, its construction is a matter of law and summary judgment is appropriate.").  Contrary to Defendants' assertion, the Court

continues to "see[] no reason why the Provision would not apply should a jury find that Plaintiff breached the contract and must cover Defendants' losses." (ECF No. 247 at 16.) Although Defendants maintain that the Order granting summary judgment on the Subrogation Provision necessarily defeats Plaintiff's aim to seek an offset with respect to the $2,000,000 settlement amount, the Court sees the Recoveries Provision and Subrogation Provision as distinct. "Subrogation is defined as the 'substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against the defendant.'" *Zurich Am. Ins. Co. v. Dillon Companies, LLC*, 595 F. Supp. 3d 1003, 1006 (D. Colo. 2022) (quoting *Am. Fam. Mut. Ins. Co. v. DeWitt*, 218 P.3d 318, 323 (Colo. 2009)). But Plaintiff is not seeking to stand in the shoes of its insureds and assert their rights pursuant to the Recoveries Provision. Rather, Plaintiff is simply seeking, pursuant to the plain text of the Recoveries Provision, to offset a potential adverse judgment by the amount Defendants have already been reimbursed by Axia's other insurers.

Nor is the Court persuaded by Defendants' arguments that the Recoveries Provision does not provide for a potential offset because Blackhawk and Axia signed a subrogation waiver in their construction contract and agreed in their settlement papers that Plaintiff could not reach their $2,000,000 settlement amount. (*See* ECF No. 181 at 9 ("The parties to the AX/BL Settlement agreed that Praetorian was not entitled to any credit in this lawsuit for the AX/BL Payment . . . .").) The Court already rejected this latter argument in its earlier summary judgment Order. (*See* ECF No. 247 at 16 n.10 ("To the extent Defendants argue that the settlement agreements vitiate Plaintiff's right to recover under the Recoveries Provision, the Court agrees with Plaintiff that Defendants could not modify

the Policy without Plaintiff's consent.").)  As to the former argument, because the

Recoveries Provision and the Subrogation Provision are distinct, the subrogation waiver is

of no consequence here.  And, in any event, it is hard to imagine that Defendants'

purported waiver has any legally binding effect, since Blackhawk undisputedly sued Axia

notwithstanding its earlier agreement not to.  *See TSI TECHNOLOGIES, LLC v. CFS

BRANDS, LLC & DINEX*, 2024 WL 3917209, at *10 (D. Kan. Aug. 23, 2024) ("To establish

waiver, there must be evidence that manifests, in an unequivocal manner, an intent that is

inconsistent with the intent to claim a right.") (citation and internal quotation marks

omitted); *see also Pruitt v. Lincoln Nat'l Life Ins. Co.*, 609 F. Supp. 3d 1193, 1198 (D. Kan.

2022) (quoting *Patrons Mut. Ins. Ass'n v. Union Gas System, Inc.*, 830 P.2d 35, 38 (1992)

("Waiver must be manifested in some unequivocal manner by some distinct act or by

inaction inconsistent with an intention to claim forfeiture of a right.")).

Lastly, the Court addresses Defendants' concern that Plaintiff may intend to "seek

to void coverage under the Policy based on Defendants' alleged violation of the

Recoveries Provision."  (ECF No. 255 at 2 n.2.)  Notably, Plaintiff does not disclaim this

intention in its response, instead suggesting in a footnote that this may indeed be its

position.  (*See* ECF No. 259 at 10 n.3 ("Defendants' fraudulent concealment of the multi-

million dollar settlement until 2021 is also evidence of its breach of the misrepresentation

provision of the Policy that will be introduced as evidence at trial.").)

To the extent Plaintiff intends to seek to void coverage based on Defendants'

alleged violation of the Recoveries Provision (presumably, on the ground that Blackhawk

and Axia failed to promptly notify Plaintiff of their settlements as required by subpart (a)),

the Court clarifies that Plaintiff may not do so for at least three reasons.  First, as

Defendants point out (and Plaintiff does not dispute), "[n]owhere in the Final [Pretrial Order] does Praetorian contend that one of the claims/issues for trial is whether Defendants' alleged violation of the Recoveries Provision voids coverage under the Policy." (ECF No. 255 at 2 n.2.) Second, in stark contrast to the MCF Provision and Subrogation Provision, the plain text of the Recoveries Provision does not purport to void coverage in the event of a violation. And third, Defendants' alleged failure to comply with the terms of the Recoveries Provision came in 2018 and 2019—that is, *after* Plaintiff filed suit in August 2017. The Court made clear in its summary judgment Order that any attempt to void coverage under the MCF Provision must be based on *pre*-lawsuit facts. (ECF No. 247 at 10.) Thus, to the extent Plaintiff continues to intend to advance this theory at trial, the Court clarifies that it will not be permitted to do so.

## I.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.    Defendants' motion for reconsideration (ECF No. 255) is GRANTED to the extent it seeks reconsideration of the Court's summary judgment rulings with respect to the Recoveries Provision, and to the extent it seeks clarification that Plaintiff cannot use the Recoveries Provision to void coverage, as more fully set forth above. Said motion is DENIED in all other respects.

2.    Defendants' motion for additional rulings (ECF No. 256) is DENIED.

3.    The parties are advised that the Court WILL NOT accept any further filings which seek any type of further reconsideration of any issues raised and ruled on in their original cross motions for summary judgment (ECF Nos. 181, 182), or in the two motions which are the subject of this Order.

Dated this 11th day of April, 2025.

BY THE COURT:

William J. Martínez
Senior United States District Judge